IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JAMES B. PEMBERTON II,
JOACHIM L. MILLIEN,
JAMES B. PEMBERTON, SR., and
STEPHANIE A. PEMBERTON,

                    Plaintiffs,                    OPINION AND ORDER

   v.

                                                22-cv-716-wmc

KYLE WALKER, NICK WILKE,
RICHARD LUENEBURG, BRENT OLESON,
RYAN FRANK, JESSICA MILLER,
KENNETH HAMM, MARK LAWTON,
MICHAEL COVEY, and TIMOTHY HENNEY,

                    Defendants.

Plaintiffs James Pemberton II, Joachim Millien, James Pemberton, Sr., and Stephanie Pemberton, representing themselves, have filed a civil action under 42 U.S.C. § 1983, the Racketeer Influenced and Corrupt Organizations Act (RICO), and state law, claiming that numerous city and county officers, prosecutors, and court-appointed criminal defense attorneys violated their constitutional and statutory rights in conjunction with a search warrant executed in December 2016, as well as their subsequent arrests and convictions for drug-related crimes. More specifically, plaintiffs contend that law enforcement defendants obtained and executed an invalid search warrant in violation of the Fourth Amendment; court-appointed attorney defendants failed to challenge the search warrant and certain conditions of plaintiffs' bail in violation of the Sixth Amendment; prosecutorial defendants improperly charged plaintiffs based on the results of an invalid search, tampered with witnesses, and made incorrect statements at a court hearing in

violation of the Fourth, Eighth, and Fourteenth Amendments; and unidentified individuals imposed excessive fines and engaged in extortion by requiring plaintiffs to pay for their own drug tests while they were out on bail in violation of the Eighth and Fourteenth Amendments and RICO. Plaintiffs do not make clear what state law claims they are bringing, if any, but they generally reference the Wisconsin State Constitution and at least accuse their former defense attorneys of legal malpractice.[1] Now before the court are defendants' motions to dismiss plaintiffs' complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Dkts. ##6, 8, 14, 19, 24, 31, 35, and 70.)

While defendants raise numerous arguments as to why plaintiffs cannot proceed on any of the claims against them, this much is plain for the reasons that follow in this opinion and order: plaintiffs' § 1983 claims against prosecutors Jessica Miller and Kenneth Hamm are barred by the doctrines of prosecutorial and sovereign immunity; court-appointed attorneys Ryan Frank, Mark Lawton, Michael Covey, and Timothy Henney are not state actors for the purposes of any constitutional claim arising under § 1983; plaintiffs' § 1983 claims against Officers and Sheriff Brent Oleson related to execution of the search warrant are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); plaintiffs' § 1983 claims related to the drug testing charges fail to satisfy the personal involvement requirement; and plaintiffs fail to allege that any of the named defendants engaged in a pattern of racketeering under RICO. Accordingly, the court will grant defendants' motions to dismiss plaintiffs' § 1983 and RICO claims in their entirety. And because no federal claims remain, the court

---

[1] Plaintiffs also cite a false imprisonment statute referred to as "penal code 236." (Dkt. #1 at 7.) However, this appears to be a reference to a California state criminal statute that would not apply in this case, because none of the relevant events described in the complaint took place in California.

declines to exercise supplemental jurisdiction over any arguable remaining state law claims that plaintiffs may have intended to bring under the Wisconsin Constitution or common law. As a result, this federal case is at an end.

## ALLEGATIONS OF FACT[2]

On December 19, 2016, Officers Kyle Walker and Nick Wilke from the New Lisbon Police Department and Officer Richard Lueneberg from the Mauston Police Department obtained a warrant from the Circuit Court for Juneau County, Wisconsin, to search plaintiffs' residence at N5391 State Road 80, New Lisbon, Wisconsin. Plaintiffs allege that the search warrant affidavit did not support probable cause because the officers who signed the affidavit performed no independent investigation of their underlying, factual averments. Rather, the officers principally relied on a two-week old "free air sniff" inspection, during which the dog allegedly alerted to the smell of marijuana emanating from a closed school locker belonging to a minor who resided at plaintiffs' State Road address.

Defendants Walker, Wilke, and Lueneberg, along with other police officers and Juneau County Sheriff's deputies,[3] executed the warranted search itself on December 20, 2016, which resulted in plaintiffs being charged and convicted of several drug-related

---

[2] In resolving a motion to dismiss under Rule 12(b)(6), the court takes all factual allegations in the complaint not only as true but viewed in a light most favorable to plaintiffs, including drawing all inferences in plaintiffs' favor. *Killingsworth v. HSBC Bank Nev.*, 507 F.3d 614, 618 (7th Cir. 2007).

[3] While plaintiffs' allegations do not make this clear, it appears that defendant Brent Oleson was the Juneau County Sheriff at the time.

crimes. A search of the Wisconsin Circuit Court electronic records[4] revealed the following state court cases naming the civil plaintiffs in this case as criminal defendants.

- **James Pemberton II** was convicted on August 10, 2018, based on a plea of guilty to possession of 200-1000g of THC with intent to deliver as party to a crime in *Wisconsin v. Pemberton*, No. 2016CF242 (Juneau Cty. Cir. Ct. Dec. 22, 2016). That case and a second case, *see Wisconsin v. Pemberton*, No. 2017CF163 (Juneau Cty. Cir. Ct. June 19, 2017), included additional drug-related charges that were dismissed but read in as part of the plea agreement. Defendant Ryan Frank was the court-appointed attorney who represented Pemberton II in both cases from January 9, 2017 through January 23, 2018.

- **James Pemberton, Sr.** was convicted on March 29, 2018, based on a plea of no contest to possession of THC in *Wisconsin v. Pemberton*, No. 2016CF241 (Juneau Cty. Cir. Ct. Dec. 22, 2016).

- **Stephanie Pemberton** was convicted on August 21, 2018, based on a plea of no contest to possession of THC in *Wisconsin v. Pemberton*, No. 2016CF243 (Juneau Cty. Cir. Ct. Dec. 22, 2016). Defendant Timothy Henney was Stephanie's court-appointed attorney from November 28, 2017 through March 2, 2018, and defendant Frank represented her from April 2-4, 2018.

- **Joachim Millien** was convicted on July 9, 2018, based on a plea of no contest to possession of THC in *Wisconsin v. Millien*, No. 2016CF240 (Juneau Cty. Cir. Ct. Dec. 22, 2016). Defendant Mark Lawton represented Millien from December 28, 2016 through October 16, 2017, after which defendant Michael Covey entered an appearance on Millien's behalf on October 25, 2017.

None of these four plaintiffs are currently incarcerated, but all spent some time in jail before being released on bail subject to mandatory drug testing. Moreover, between December 26, 2016, and February 13, 2017, plaintiffs were required to pay for 19 drug tests, even though their bail agreements did not state that they had to pay for drug testing.

---

[4] The court may take judicial notice of matters of public record, including the state court docket, decisions, and records filed in these underlying criminal cases. *Guerrero v. Howard Bank*, 74 F.4th 816, 819 (7th Cir. 2023).

Various non-defendant police officers at the Juneau County Jail also told plaintiffs that they would be put back in jail if they did not pay for the drug tests.

Plaintiffs generally allege that their court-appointed attorneys provided ineffective legal representation by failing to obtain discovery regarding the factual basis for the search warrant and not challenging plaintiffs' bail or the required payments for their pre-conviction drug testing. Nonetheless, plaintiff James Pemberton II, through Attorney Frank, did move to suppress the fruits of the warranted search, but the circuit court denied that motion following an evidentiary hearing on December 19, 2017, in Juneau County Circuit Court Case No. 2016CF242. In addition, at a plea hearing on or about September 26, 2017, in Juneau County Circuit Court Case No. 2016CF240, plaintiff Millien, through Attorney Lawton, asked why plaintiffs were "being fined" with the drug test payments before being convicted, and Assistant District Attorney Jessica Miller responded that the drug tests were a condition of bail. Miller also represented at that same hearing that the officers who obtained the search warrant told her that a particular school official was with them during a search of a school locker on December 6, 2016. Plaintiffs further allege that Miller, Walker, and District Attorney Kenneth Hamm spoke to school official witnesses before the evidentiary hearings, resulting in those witnesses changing their version of events.

With the help of a new, court-appointed attorney, plaintiff James Pemberton II filed his own motion for postconviction relief on September 20, 2019, which challenged the validity of the search warrant and his subsequent guilty plea in Juneau Cty. Case No. 2016CF242. The circuit court held a hearing on those challenges on December 6, 2019,

after which it issued an oral ruling denying all relief on December 20, 2019. *Id*. The Wisconsin Court of Appeals affirmed that decision on January 6, 2022. *See State v. Pemberton*, 2022 WI App 8, ¶¶ 2, 6, 971 N.W.2d 198 (as corrected Jan. 25, 2022), *review denied*, 2022 WI 98, ¶ 6, 995 N.W.2d 97. James Pemberton II also previously filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, which is currently under consideration by this court in *Pemberton v. State*, case no. 23-cv-476-wmc (W.D. Wis. Jul. 14, 2023). None of the other plaintiffs appear to have sought direct postconviction or state or federal habeas relief.

OPINION

**I. § 1983 Claims**

Plaintiffs seek to recover damages under § 1983 for alleged constitutional violations committed by certain of the defendants in prosecuting them criminally. These claims can be grouped into two categories: (1) defendants' alleged actions in obtaining a search warrant; and (2) the requirement that plaintiffs pay for their own drug testing while released on bail prior to being convicted. In response, defendants move to dismiss on several grounds, including that: the claims against Officer Lueneberg and Attorney Henney fall outside the relevant statute of limitations; the claims against prosecutors Miller and Hamm are subject to prosecutorial and sovereign immunity; the claims against Attorneys Covey, Frank, Henney, and Lawton fail to meet the state actor requirement; the claims against all law enforcement defendants related to the search warrant are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); and any remaining allegations related to plaintiffs being

6

charged for drug testing fail to meet § 1983's requirement for personal involvement.[5] Although not barred by the applicable statute of limitations, plaintiffs' claims must nevertheless be dismissed on one or more other grounds raised by defendants.

The court will first discuss the threshold matters of the statute of limitations, immunity, and state action, then turn to defendants' specific arguments concerning *Heck's* bar to plaintiffs' search warrant claims and the lack of allegations of defendants' personal involvement in the drug test claims.

### A. Statute of Limitations

Wisconsin law governs the statute of limitations for federal civil rights actions brought under 42 U.S.C. § 1983. *Huber v. Anderson*, 909 F.3d 201, 207 (7th Cir. 2018). For alleged constitutional injuries that occurred before April 5, 2018, the statute of limitations is six years, and for injuries that occurred after April 5, 2018, the statute of limitations is three years. *Id*. (citing Wis. Stat. § 893.53 (2016), amended by 2017 Wis. Act 235 (eff. Apr. 5, 2018)). Plaintiffs filed their federal court complaint in this court on December 16, 2022, therefore, any § 1983 claims based on events occurring before December 16, 2016, or after April 5, 2018, and before December 16, 2019, are time-barred.

Thus, defendants Lueneberg's and Henney's assertions that plaintiffs' claims against them are time-barred are simply unfounded. Specifically, plaintiffs appear to base their

---

[5] Defendants also raise additional arguments related to res judicata, collateral estoppel, and the merits of plaintiff's constitutional claims, but the court need not address any of those arguments because it is dismissing the complaint on other grounds.

claims against Officer Lueneberg on the search warrant that was obtained and executed between December 19-20, 2016;[6] and any claims against Attorney Henney are based on his legal representation of plaintiff Stephanie Pemberton between November 28, 2017, and March 2, 2018. Although admittedly close, neither of these set of events fall within the periods barred by the applicable statute of limitations.

### B. Prosecutorial and Sovereign Immunity

Plaintiffs have also sued some defendants who are plainly immune. Specifically, state district attorneys like defendants Miller and Hamm are protected by absolute immunity for their prosecutorial acts. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("[I]n initiating a prosecution . . . , the prosecutor is immune from a civil suit for damages under § 1983."); *Archer v. Chisholm*, 870 F.3d 603, 612 (7th Cir. 2017) ("Prosecutors are absolutely immune for actions they undertake in their capacities as prosecutors, even including malicious prosecution unsupported by probable cause."); *see also Serino v. Hensley*, 735 F.3d 588, 592 (7th Cir. 2013) ("[T]here is no such thing as a constitutional right not to be prosecuted without probable cause."). The same is true under Wisconsin law. *See Bromund v. Holt*, 24 Wis. 2d 336, 341, 129 N.W.2d 149, 152 (1964) ("A public prosecutor

---

[6] While the court does not understand plaintiffs to be basing any of their claims solely on the free air search of the school locker on December 6, 2016, any such claim would be time-barred.

acting in his official capacity is absolutely privileged to initiate or continue criminal proceedings.").[7]

Finally, plaintiffs may not proceed against either defendant Miller or Hamm in their official capacity given that all of the allegations concern their individual conduct, rather than any alleged facts in support of actions consistent with an official policy, practice, or custom. Moreover, to the extent that plaintiffs are seeking monetary damages, and defendants are alleged to have acted in their official capacity as the state, they may not be sued for damages under § 1983 or the Eleventh Amendment. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Fritz v. Evers*, 907 F.3d 531, 533 (7th Cir. 2018). As such, plaintiffs' proposed § 1983 claims against Miller and Hamm must be dismissed with prejudice as well. *Dixon v. Wisconsin*, No. 17-cv-650-wmc, 2018 WL 5313916, at *2 (W.D. Wis. Oct. 26, 2018).

## C. State Actor Requirement

As for plaintiffs' former state criminal defense lawyers, they, too, are not proper defendants. Section 1983 allows plaintiffs to sue "state actors" for violating their civil rights, but "a lawyer is not a state actor when he performs the traditional function of counsel to a defendant in a criminal case." *Walton v. Neslund*, 248 F. App'x 733, 733 (7th Cir. 2007) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981); *Fries v. Helsper*, 146 F.3d

---

[7] In any event, plaintiffs have not stated a state-law claim for malicious prosecution because they have not alleged that the judicial proceedings were ultimately terminated in their favor, nor could they given their all being ultimately convicted in the state criminal proceedings as set forth above. *See Whispering Springs Corp. v. Town of Empire*, 183 Wis. 2d 396, 404, 515 N.W.2d 469, 472 (Ct. App. 1994) (listing six elements of claim for malicious prosecution under Wisconsin law).

452, 457 (7th Cir. 1998)). Further, a plaintiff seeking to make the argument that his criminal defense lawyer was ineffective must bring a petition for habeas corpus under 28 U.S.C. § 2254, not a civil lawsuit under § 1983. *See Scott v. Evers*, No. 20-CV-1839-PP, 2021 WL 872170, at *2 (E.D. Wis. Mar. 9, 2021) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)). Not only is this court unauthorized to convert this action into one for habeas corpus, *see Copus v. City of Edgerton*, 96 F.3d 1038, 1039 (7th Cir. 1996), but such relief does not appear to be available to plaintiffs because they have been released from custody. Accordingly, plaintiffs' claims against Attorneys Covey, Frank, Henney, and Lawton must be dismissed with prejudice.

### D. *Heck v. Humphrey*

In *Heck,* the Supreme Court held that a plaintiff alleging that his conviction or sentence was unconstitutional does not state a claim under § 1983 unless the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." 512 U.S. at 486-87; *see also Courtney v. Butler*, 66 F.4th 1043, 1049 (7th Cir. 2023) (citing same). This rule applies even if a plaintiff has been released from custody and habeas relief is unavailable. *Savory v. Cannon*, 947 F.3d 409, 430 (7th Cir. 2020). The requirement is "rooted in pragmatic concerns with avoiding parallel criminal and civil litigation over the same subject matter and the related possibility of conflicting civil and criminal judgments." *McDonough v. Smith*, ___ U.S. ___, 139 S. Ct. 2149, 2157 (2019). As a result, if a judgment in favor of plaintiffs on any of their claims would "necessarily imply the invalidity of [their]

10

conviction[s] or sentence[s]," then the claims must be dismissed unless plaintiffs can demonstrate that their convictions or sentences have *already* been invalidated. *Heck*, 512 U.S. at 487.

In this case, plaintiffs' allegations that defendants Lueneberg, Walker, Wilke, and possibly Oleson obtained and executed a search warrant not supported by probable cause necessarily implicates the validity of plaintiffs' convictions, all of which were obtained primarily, if not exclusively, from executing that warrant.[8]  Moreover, public records confirm that plaintiffs' underlying convictions have not been invalidated or set aside by an authorized tribunal or by a federal habeas corpus proceeding under 28 U.S.C. § 2254. Indeed, James Pemberton II was the only plaintiff who even challenged the search warrant, and he was denied relief in state circuit court and on appeal.  And to the extent his more recent, federal habeas petition has not been ruled upon yet, it still does not render his conviction invalid or otherwise set aside.  Thus, absent a showing that the disputed convictions have actually been invalidated or set aside, *Heck* precludes plaintiffs' claims for damages based on an allegedly invalid search warrant. Accordingly, plaintiffs' claims based on defendants' actions under the authority of search warrant must be dismissed without prejudice. *See Williams v. Wisconsin*, 336 F.3d 576, 580 (7th Cir. 2003) ("Normally,

---

[8] Defendants' arguments concerning *Heck* do not discuss the claims related to paying for pre-conviction drug tests, presumably because plaintiffs' allegations about being improperly fined before they were convicted do not implicate the validity of their convictions. *See Courtney*, 66 F.4th at 1051-52 (explaining that *Heck* does not bar claims not challenging or necessarily implicating the validity of an adjudicated criminal offense).  While *Heck* does not bar plaintiffs' drug testing claims, those claims still fail for other reasons discussed below.

collateral attacks disguised as civil rights actions should be dismissed without—rather than with—prejudice.").

### E. Personal Involvement

Given the court's rulings, plaintiffs' only remaining claims under § 1983 are those regarding fees allegedly imposed on them by police for their own drug testing while out on bail. The facial defect for this claim in their complaint is a lack of any allegation establishing any of the proposed defendants' personal role in charging plaintiffs that fee. To begin, Federal Rule of Civil Procedure 8 requires a "'short and plain statement of the claim' sufficient to notify the defendants of the allegations against them and enable them to file an answer." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006) (emphasis added). Thus, dismissal is only proper "if the complaint fails to set forth 'enough facts to state a claim to relief that is plausible on its face.'" S*t. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Importantly here, those allegations must demonstrate personal liability under § 1983 as to each individual defendant named. Said another way, a plaintiff must allege sufficient facts to show that an individual defendant personally caused or participated in a constitutional deprivation. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Minix v. Canarecci*, 597 F.3d 824, 833-34 (7th Cir. 2010) (citation omitted). However, plaintiffs do not allege what role, if any, that one or more of the named defendants, or any other

specific individual for that matter, played in requiring plaintiffs to pay for their pre-conviction drug testing.[9]

While the Seventh Circuit has cautioned against dismissing an unrepresented plaintiff's case without giving them a chance to amend the complaint, *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016), dismissal of plaintiffs' claims of charging for pre-conviction drug testing with prejudice is appropriate because there would appear to be no allegations that might be added in an amendment to their complaint that would state a plausible theory for relief. *See Huggins v. ABK Tracking, Inc.*, No. 322-CV-00135, 2023 WL 7396025, at *8-14 (S.D. Ind. June 9, 2023) (holding similar challenge barred by *Rooker-Feldman* doctrine because fees that plaintiffs complained of were imposed under state law as part of conditions of their pretrial release in state criminal proceedings). Therefore, the court will dismiss these claims with prejudice for failure to state a claim upon which relief can be granted.

## II. RICO

Finally, plaintiffs claim that the requirement they pay for their own drug testing in cash before pretrial release amounted to extortion and racketeering under the RICO statute, which makes it "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to

---

[9] Juneau County Sheriff Oleson cannot be held liable under § 1983 solely by virtue of his position, at least absent allegations of his knowledge of those charges and his failure to act to stop them. *See Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000) (rejecting § 1983 actions against individuals merely based on their general supervisory role of others).

13

conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt," 18 U.S.C. § 1962(c), "to conspire" with others to do so. 18 U.S.C. § 1962(d). However, the Supreme Court has emphasized that RICO was enacted in response to "long-term criminal conduct," not isolated or sporadic unlawful activity. *Shibilski v. Moss*, No. 20-cv-666-wmc, 2021 WL 325873, at *4 (W.D. Wis. Feb. 1, 2021) (citing *H.J., Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 240-41 (1989); *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 n.14 (1985)).

To that end, the Court of Appeals for the Seventh Circuit and other courts of appeals expressly discourage "converting garden-variety common law claims into a RICO violation." *Id.* (citations omitted). Specifically, to allege a civil RICO claim, plaintiffs must now show: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 588 (7th Cir. 2017) (quoting *Vicom, Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d 771, 778 (7th Cir. 1994)). As to the first element, plaintiffs must properly plead a "foundation of predicate acts," *Jepson, Inc. v. Makita Corp.*, 34 F.3d 1321, 1327 (7th Cir. 1994), by alleging sufficient facts to establish probable cause that the defendants committed an "indictable" or "chargeable" offense. 18 U.S.C. § 1961(1); *see also Jennings v. Emry*, 910 F.2d 1434, 1438 (7th Cir. 1990) ("[I]n pleading predicate acts, conclusory allegations that various statutory provisions have been breached are of no consequence if unsupported by proper factual allegations."). While plaintiffs suggest that the individual defendants knew about drug test charges and allowed them to occur, they fail to identify any specific acts that any of the named defendants committed or how their actions may have constituted "racketeering

14

activity." *Griffin v. UW Sys. Bd. of Regents*, No. 19-cv-277-bbc, 2019 WL 5218980, at *4 (W.D. Wis. Oct. 16, 2019); *Sundsmo v. Calkins*, 2015 WL 1715667, at *4 (W.D. Wis. Apr. 15, 2015).

For the enterprise element, plaintiffs must also include sufficient allegations to show or reasonably infer "an ongoing 'structure' of persons associated through time, joined in purpose, and organized in a manner amenable to hierarchical or consensual decision-making." *Jennings*, 910 F.2d at 1440 (citations omitted). Plaintiffs' conclusory allegations about a scheme to collect payments for drug testing from individuals before they are actually convicted of a crime fall far short of showing that the various law enforcement and prosecutorial officials actually named as defendants here conspired in an ongoing structure of joint decision-making to harm plaintiffs and others like them. *See Goren v. New Vision International, Inc.*, 156 F.3d 721, 730 (7th Cir. 1998) (modified on other grounds by *Brouwer v. Raffensperger, Hughes & Co.*, 199 F.3d 961 (7th Cir. 2000)) ("'[L]umping together' of defendants is clearly insufficient to state a RICO claim under § 1962(c)."); *Griffin*, 2019 WL 5218980, at *4 (citing *Goren* for same). Even if plaintiffs could allege facts showing one or more of the defendants somehow participated in charging plaintiffs for their drug tests, this does not give rise to a reasonable inference that those individuals intentionally *conspired* with each other to extort plaintiffs. *See Reves v. Ernst & Young*, 507 U.S. 170, 185 (1993) (RICO "liability depends on showing that the defendants conducted or participated in the conduct of the 'enterprise's affairs,' not just their own affairs."); *Limestone Development Corp. v. Village of Lemont, Illinois*, 520 F.3d 797, 803 (7th Cir. 2008)

15

("RICO cases, like antitrust cases, are 'big' cases and the defendant should not be put to the expense of big-case discovery on the basis of a threadbare claim.").

Since plaintiffs' complaint simply does not allege the kind of long-term criminal conspiracy required to state a civil RICO claim, those claims will also be dismissed with prejudice for failure to state a claim upon which relief may be granted.

**III. Remaining State Law Claims**

Because plaintiffs' § 1983 and RICO claims provide the *only* alleged basis for this court's exercise of federal subject matter jurisdiction, and complete diversity among plaintiffs and defendants is lacking, the necessary, remaining question is whether this court should exercise supplemental jurisdiction over any of plaintiffs' state law claims.[10] *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction ... if ... the district court has dismissal all claims over which it had original jurisdiction."). "[T]he general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits." *Davis v. Cook Cty.*, 534 F.3d 650, 654 (7th Cir. 2008) (quoting *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251 (7th Cir. 1994)) (alteration in original). Seeing no reason to do otherwise here, the court will decline to consider any possible remaining state law claims and dismiss those claims without prejudice and with leave to

---

[10] Plaintiffs do not allege any specific violations of state law, but a generous reading of their complaint suggests that they *may* have intended to bring state common law claims or legal malpractice claims against their defense counsel.

16

file them, as appropriate, in state court, subject to any applicable statute of limitations or dismissal with prejudice as set forth above.

ORDER

IT IS ORDERED that:

1) The motions to dismiss filed by defendants (dkt. ##6, 8, 14, 19, 24, 31, 35, and 70) are GRANTED.

   a. Plaintiffs' 42 U.S.C. § 1983 claims against defendants Jessica Miller, Kenneth Hamm, Ryan Frank, Mark Lawton, Michael Covey, and Timothy Henney, and all of plaintiffs' § 1983 and RICO claims related to the drug test charges, are DISMISSED WITH PREJUDICE.

   b. Plaintiffs' § 1983 claims related to the search warrant executed by defendants Kyle Walker, Nick Wilke, Richard Lueneberg, and Brent Oleson, and any other potential state law claims not expressly rejected in the opinion above with prejudice, are DISMISSED WITHOUT PREJUDICE.

2) The clerk of court is directed to enter judgement for defendants and close this case.

Entered this 27th day of February, 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge